IN THE UNITED STATES DISTRICT COURT,
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| JILL MEHRBERG,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF ILLINOIS,<br><br>Defendant. | Case No. _____<br><br><br>JUDGE \_\_\_\_\_ |

## COMPLAINT

Plaintiff, JILL MEHRBERG ("Ms. Mehrberg"), by and through her undersigned counsel, states as follows as her Complaint against Defendant, THE STATE OF ILLINOIS ("State"):

### The Parties

1. Plaintiff, Ms. Mehrberg, is a citizen and resident of the State of Illinois.

2. At all relevant times, Ms. Mehrberg was employed by the State.

3. Defendant, the State of Illinois ("State"), is a governmental entity.

### Jurisdiction and Venue

4. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §1331.

5. This Court can exercise personal jurisdiction over the State, and venue is proper in this District because the acts complained of herein took place in this District, and at all relevant times the State regularly and continuously transacted and was doing business within this District – including by way of its employment of Ms. Mehrberg in Chicago, Illinois.

6. In addition, the State of Illinois has enacted a statue, 745 ILCS 5/1.5(d), that specifically allows its employees to bring an action in Federal Court under the Americans with Disabilities Act ("ADA").

**Background Facts**

7. In or about May 2009, the State initially hired Ms. Mehrberg to work in its Department of Commerce & Economic Opportunity ("the Department").

8. The Department is a State agency that provides economic opportunities for businesses, entrepreneurs, and residents to improve the quality of life for Illinois residents.

9. Ms. Mehrberg first held the position of Deputy Director in the Department's Bureau of Technology and Industrial Competitiveness.

10. In or about September 2011, Ms. Mehrberg was moved to the position of Managing Director, Performance Management in the Department's Office of Accountability.

11. At all relevant times, Ms. Mehrberg met the State's legitimate performance expectations.

12. Ms. Mehrberg has recognized disabilities that are covered by the Americans with Disabilities Act ("ADA") that relate to and arise out of her treatment and recovery from breast cancer.

13. Despite those disabilities, at all relevant times Ms. Mehrberg could perform the essential functions of her job with or without reasonable accommodations.

14. On or about June 29, 2015, Ms. Mehrberg made written requests to the State and Department for reasonable accommodations needed because of her disabilities.

15. On or about August 31, 2015, the Department purported to grant those requests. However, with respect to Ms. Mehrberg's request for use of flexible time, the Department only granted that request on an interim basis for a period of 90 days.

16. Thereafter, Ms. Mehrberg's requests for reasonable accommodation were further defined and clarified by way of communications between Ms. Mehrberg and the Department.

17. By September 24, 2015, the Department still had not actually fulfilled Ms. Mehrberg's requests for reasonable accommodation and admitted that it in writing to Ms. Mehrberg.

18. By early December 2015, the Department still had not actually fulfilled all of Ms. Mehrberg's requests for reasonable accommodation and admitted that it in writing in its own internal communications.

19. By mid-February 2016, the Department still had not actually fulfilled all of Ms. Mehrberg's requests for reasonable accommodation and admitted that it in writing in its own internal communications.

20. On or about March 2, 2016, the Department notified Ms. Mehrberg in writing that it was granting some of her requests for accommodation and denying others.

21. Despite its claims that it was granting and would honor Ms. Mehrberg's requests for reasonable accommodations, the Department never actually fulfilled all of Ms. Mehrberg's requests for reasonable accommodations.

22. Moreover, throughout the time period referenced above, and including to the time of her termination, the Department intentionally micro managed Ms. Mehrberg's movements – including but not limited to monitoring her comings and goings, including breaks, bathroom breaks, meal times, and authorized medical appointments. The Department did not subject Ms.

Mehrberg's similarly situated peers or other employees of the Department who did not suffer from disabilities to that same type of treatment and monitoring.

23. In addition, the Department intentionally harassed Ms. Mehrberg because of her requests for reasonable accommodations by telling her that she was an "entitled" and "privileged employee" in a negative manner.

24. Furthermore, beginning in or about January 2016, the Department began taking away Ms. Mehrberg's job duties in an attempt to get her to quit, and because of her disabilities, requests for accommodations, and her age – and in retaliation for exercising her rights.

25. In March 2016, Ms. Mehrberg engaged in protected activity and complained about the Department's failure to reasonably accommodate her condition.

26. On or about April 8, 2016, the State/Department fired Ms. Mehrberg.

27. The State/Department fired Ms. Mehrberg because of her age; because of her disabilities and her requests for reasonable accommodations; and in retaliation for her internal complains.

28. The State/Department attempted to create a pretextual basis for Ms. Mehrberg's termination.

29. Following her termination, Ms. Mehrberg timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

30. In February 2018, the EEOC issued its Notice of Right to Sue, giving Ms. Mehrberg 90 days in which to file suit.

31. Accordingly, Ms. Mehrberg has timely filed this Complaint.

## LEGAL CLAIMS

### COUNT I
### (VIOLATIONS OF THE ADA - 42 U.S.C. § 12112, *et. seq.*)

32. Ms. Mehrberg re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 31 above, as though fully set forth herein, as Paragraph 32 of Count I.

33. At all relevant times, Ms. Mehrberg was an "employee" within the meaning of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12112, *et. seq.*).

34. At all relevant times, the State was an "employer" within the meaning of the ADA.

35. The ADA forbids an employer from, *inter alia*, discriminating or retaliating against an employee because of his/her disability.

36. At all relevant times, Ms. Mehrberg was a qualified individual with a disability within the meaning of the ADA.

37. At all relevant times, Ms. Mehrberg had a disability that was covered by the ADA; that impacted one or more of her major life functions; she also had a record of such impairment with the State; and she was regarded by the State as having such an impairment.

38. At all relevant times, Ms. Mehrberg could perform the essential functions of her position with the State, with or without reasonable accommodations.

39. As set forth above, the State discriminated and retaliated against Ms. Mehrberg in violation of the ADA by, *inter alia*, failing to reasonably accommodate her condition; by subjecting her to unequal terms and conditions of employment; and by terminating her because of her condition and requests for reasonable accommodations.

40. In violating the ADA, the State acted intentionally, willfully, and wantonly, and with intentional disregard for Ms. Mehrberg's rights and the ADA.

41. Ms. Mehrberg's disability was the motivating factor for the State's adverse, discriminatory, and retaliatory actions against her, and/or was the motivating factor along with the State's other discriminatory and retaliatory motives as set forth above and below.

42. As a direct and proximate result of the State's discriminatory and retaliatory actions in violation of the ADA, Ms. Mehrberg has suffered damages.

**WHEREFORE**, Plaintiff, Ms. Mehrberg, by and through her undersigned counsel, respectfully prays for the entry of judgment in her favor and against Defendant, the State of Illinois, on Count I of her Complaint, for reinstatement, for front pay, for an Order enjoining the State from engaging in further discrimination of this type, for her attorneys' fees and costs, and for all such other relief that is just and proper under the circumstances and recoverable.

## COUNT II
### (VIOLATION OF THE ADEA - 29 U.S.C. § 621, *et. seq.*)

43. Ms. Mehrberg re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 31 above, as though fully set forth herein, as Paragraph 43 of Count II.

44. Ms. Mehrberg brings this claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C., § 621, *et. seq.*

45. At all relevant times, Ms. Mehrberg was over fifty years of age.

46. At all relevant times, Ms. Mehrberg was a covered "employee" within the meaning of the ADEA.

47. At all relevant times, the State was a covered "employer" within the meaning of the ADEA.

48. The ADEA forbids an employer from, *inter alia*, discriminating against an employee because of his/her age.

49. During Ms. Mehrberg's employment with the State, she met and/or exceeded all of the State's legitimate employment and performance expectations.

50. The State took adverse employment actions against Ms. Mehrberg, including but not limited to terminating her employment because of her age.

51. The bases for the State's adverse actions against Ms. Mehrberg's employment were a pretext for unlawful discrimination.

52. Similarly situated employees outside the protected age class were not subject to the same treatment as Ms. Mehrberg in like circumstances.

53. Ms. Mehrberg's age was the motivating factor in the State's decisions to take adverse actions against her, including the termination of her employment, and/or was the motivating factor along with the State's other discriminatory and retaliatory motives as set forth above and below.

54. In violating the ADEA, the State acted intentionally, willfully, and wantonly, and with intentional disregard for Ms. Mehrberg's rights and the law.

55. As a direct and proximate result of the State's discriminatory actions in violation of the ADEA, Ms. Mehrberg has suffered damages.

**WHEREFORE**, Plaintiff, Ms. Mehrberg, by and through her undersigned counsel, respectfully prays for the entry of judgment in her favor and against Defendant, the State of Illinois, on Count II of her Complaint, for reinstatement, for front pay, for an Order enjoining the State from engaging in further discrimination of this type, for her attorneys' fees and costs, and for all such other relief that is just, proper, and recoverable under the circumstances and law.

## COUNT III
### (TITLE VII RETALIATION - 42 U.S.C. § 2000e, *et. seq.*)

56. Ms. Mehrberg re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 31 above, as though fully set forth herein, as Paragraph 56 of Count III.

57. Ms. Mehrberg brings this claim under the anti-retaliation provisions of Title VII. *See* 42 U.S.C., § 2000e, *et. seq.*

58. Ms. Mehrberg was a covered "employee" within the meaning of Title VII.

59. The State was a covered "employer" within the meaning of Title VII.

60. Here, as set forth above, prior to the time of her termination, Ms. Mehrberg engaged in protected activity by making internal complaints regarding the State's discriminatory and retaliatory actions which violated Title VII.

61. The State/Department violated the Title VII by terminating Ms. Mehrberg in retaliation for engaging in those forms of protected activity.

62. In violating Title VII, the State acted intentionally, willfully, and wantonly, and with intentional disregard for Ms. Mehrberg's rights and the law.

63. As a direct and proximate result of the State's retaliatory actions in violation of Title VII, Ms. Mehrberg has suffered damages.

64. The bases for the State's termination of Ms. Mehrberg's employment was a pretext for unlawful retaliation.

65. Retaliation was the motivating factor for the State's termination of Ms. Mehrberg, and/or was the motivating factor along with the State's other discriminatory motive as set forth above.

**WHEREFORE**, Plaintiff, Ms. Mehrberg, by and through her undersigned counsel, respectfully prays for the entry of judgment in her favor and against Defendant, the State of

Illinois, on Count III of her Complaint, for reinstatement, for front pay, for an Order enjoining the State from engaging in further discrimination of this type, for her attorneys' fees and costs, and for all such other relief that is just and proper under the circumstances and recoverable.

**JURY TRIAL DEMANDED**

**RESPECTFULLY SUBMITTED,**

By: **s/Michael I. Leonard**
**Counsel for Plaintiff**

**LEONARDMEYER, LLP**
Michael I. Leonard
120 North LaSalle, 20th Floor
Chicago, Illinois 60602
(312) 380-6659 (direct)
(312) 264-0671 (fax)