IN THE UNITED STATES DISTRICT COURT,
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| JILL MEHRBERG<br><br>Plaintiff,<br><br>v.<br><br><br><br>STATE OF ILLINOIS,<br><br>Defendant. | Case No. 1:18-cv-02032<br><br><br><br>Honorable Robert M. Dow |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, JILL MEHRBERG ("Ms. Mehrberg"), by and through her undersigned counsel, states as follows as her Response to the Defendant's Motion to Dismiss:

1. The Defendant argues that Plaintiff's claims must be dismissed because it was purportedly *not* the "employer" of Plaintiff; rather, according to the Defendant, the Department that she worked for, i.e., the Illinois Department of Commerce & Economic Opportunity ("Department") was her "employer."

2. As an initial matter, Plaintiff has alleged that the State was in fact her "employer," and the question of who actually was her "employer" cannot be decided on a Motion to Dismiss. In fact, in *Bloom v. Crook*, 78 F.Supp.2d 1, (D. Maine 1999), the court denied the defendant's motion to dismiss – citing and declining to follow *Hearne* (*see* discussion below), the very case relied upon by Defendant in support of its present motion.

3. Moreover, even if such an inquiry is appropriate at the pleading state and on a

12(b)(6) Motion, this Court can take judicial notice of the fact that no such legal entity exists in the form of the Department. According to the Illinois Secretary of State's Office's website (*see https://www.cyberdriveillinois.com/*), no such independent legal entity exists that is authorized to conduct business in this State. For that reason, the State is the appropriate Defendant.

    4. In addition, the first case cited by Defendant in support of its position, *Hearne v. Bd. of Educ. of City of Chicago*, 185 F.3d 770 (7th Cir. 1999), does not advance its position. In that case, the Plaintiffs were clearly employed by the Chicago public school system, and *not* the State or one of it Departments or Agencies. Moreover, even so, the court in *Hearne* appeared to leave open the prospect of the State of Illinois being sued as the "employer" Defendant.

    5. The court in *Hearne* found, "[N]either the Governor's office, the State of Illinois as a whole, nor the IELRB is the 'employer' for Title VII purposes of any of these plaintiffs, which is the end of this part of the case against these defendants." *Id.* at 185 F.3d 777. In other words, the *Hearne* court left open the possibility that, based upon the circumstances presented, either the State *or* the Governor's Office (or perhaps both) could be the "employer." There would otherwise have been no reason for the *Hearne* court to differentiate between the State of Illinois and one of its sub-divisions, the Governor's Office.

    6. Further evidence that Defendant has offered a mis-reading of *Hearne* is provided by the very quote from *Hearne* that it has offered in support of the present Motion: "Title VII actions must be brought against the 'employer.' In suits against state entities, that term is understood to mean the particular agency or part of the state

2

apparatus that has actual hiring and firing responsibility. *See EEOC v. State of Illinois,* 69 F.3d 167, 171–72 (finding that local school districts, not the State of Illinois, are the 'employers' of public school teachers in Illinois for the purposes of Title VII)." *See* Defendant's Motion at p. 2, paragraph 4 (*quoting Hearne* at 185 F.3d 777). Thus, the *Hearne* court is citing to another case where the plaintiffs were clearly *not* employees of the State or any of its agencies or departments; instead, they were employed by local school districts.

    7. It should also be noted that Defendant has additionally cited *Levin v. Madigan*, 697 F.Supp.2d [cited as F.Supp.3d] 958 (N.D. Ill. 2010) as support for its "employer" defendant argument. However, *Levin* is a non-precedential District Court Memorandum Opinion that cites to *Hearne* without any analysis – and which has never itself been cited to by any other court for Defendant's "employer" proposition of law.

    8. With respect to that portion of Defendant's motion that seeks the dismissal of Plaintiff's ADA claims, Defendant has offered no decisional law support for its position. *See* Motion at p. 2, paragraph 4.

    9. Finally, in the event that this Court finds *against Defendant* at this stage and denies its Motion with respect to the "employer" defendant issue, Plaintiff still seeks leave of this Court to file an Amended Complaint that *adds as an additional Defendant,* the Department.

    10. Alternatively, to the extent that this Court holds in favor of Defendant with respect to the "employer" defendant issue and grants its Motion, Plaintiff seeks leave to file an Amended Complaint to name the Department as the Defendant.

WHEREFORE, Plaintiff, Ms. Mehrberg, by and through her undersigned counsel, respectfully prays for the entry of an Order denying Defendant's Motion, or, in the alternative, the relief requested in Paragraphs in 9 or 10 above (as applicable), and for all such other relief that is just and proper under the circumstances and recoverable.

RESPECTFULLY SUBMITTED,

By: s/Michael I. Leonard
Counsel for Plaintiff

**LEONARDMEYER, LLP**
Michael I. Leonard
Madelaine M. Thomas
120 North LaSalle, 20th Floor
Chicago, Illinois 60602
(312)380-6659 (direct)
(312)264-0671 (fax)

## CERTIFICATE OF SERVICE

The undersigned states that, on August 20, 2018, he caused the above document to be served on counsel of record by way of electronically filing it by way of the ECF filing system, and by way of e-mail to opposing counsel.

RESPECTFULLY SUBMITTED,

By: s/Michael I. Leonard
Counsel for Plaintiff