# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JILL MEHRBERG, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-2032 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| STATE OF ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jill Mehrberg ("Plaintiff") has sued Defendant State of Illinois ("the State") for violations of the Americans with Disability Act, 42 U.S.C. § 12112, *et seq.* (Count I); the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (Count II); and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Count III). Currently before the Court is Defendant's motion to dismiss [9] Plaintiff's complaint with prejudice. For the reasons stated below, the State's motion to dismiss [9] is granted. Plaintiff's Complaint is dismissed with prejudice as to the State. However, the Court grants Plaintiff leave to file an amended complaint to name a proper defendant no later than January 25, 2019. The case is set for further status on January 30, 2019 at 9:00 a.m.

## I.   Background[1]

Plaintiff was employed as the Managing Director, Performance Management in the Office of Accountability of the State's Department of Commerce & Economic Activity ("the Department") at the time of her termination by "the State/Department" on April 8, 2016. [1, ¶¶

---

[1]  For purposes of the motion to dismiss, the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

10, 26.] She claims to have been hired by the State in or about May 2009 to work as the Deputy Director in the Department's Bureau of Technology and Industrial Competitiveness. [*Id.* ¶ 7.] She received her final position in or about September 2011. [*Id.* ¶ 10.] Plaintiff asserts she met the State's legitimate performance expectations at all times relevant to her claims. [*Id.* ¶ 11.]

Plaintiff alleges that treatment for, and the recovery from, breast cancer has left her disabled as that term is defined within the Americans with Disabilities Act and that the Department never fulfilled her reasonable requests for accommodation. [*Id.* ¶¶ 12–20.] Additionally, during the pendency of those requests, Plaintiff alleges that the Department intentionally "micro managed" Plaintiff's movements—"including but not limited to monitoring her comings and goings, including breaks, bathroom breaks, meal times, and authorized medical appointments." [*Id.* ¶ 21.] None of Plaintiff's peers or other employees of the Department who do not suffer from disabilities received such treatment or monitoring. [*Id.* ¶ 21.] Starting in or about January 2016, Plaintiff claims that the Department also began taking away Plaintiff's job duties because of her disabilities, requests for accommodations, and her age in an attempt to get her to quit and in retaliation for exercising her rights. [*Id.* ¶ 23.] Plaintiff also asserts that the Department harassed her by calling her an "entitled" and "privileged" employee in a pejorative manner. [*Id.* ¶ 22.] In March 2016, Plaintiff complained about the Department's failure to reasonably accommodate her. [*Id.* ¶ 25.] On April 8, 2016, the "State/Department" fired her. [*Id.* ¶ 27.]

Plaintiff subsequently filed a charge with the Equal Employer Opportunity Commission ("EEOC"), which issued Plaintiff a right to sue letter in February 2018. [*Id.* ¶ 30.] On March 21, 2018, Plaintiff filed her complaint in this case alleging that her treatment by the State and the Department violated the Americans with Disability Act, 42 U.S.C. § 12112, *et seq.* ("the ADA");

Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("the ADEA"); and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). See generally [1].

## II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). Evaluating whether a "claim is sufficiently plausible to survive a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)).

### III.    Analysis

The State has moved to dismiss Plaintiff's complaint in its entirety pursuant to Rule 12(b)(6).  The State argues that the Seventh Circuit has conclusively held that it cannot be the Plaintiff's employer for purposes of claims under the ADA, the ADEA, and Title VII.  See generally [9-1], [18].  Plaintiff's response is twofold, (1) the determination of her employer is beyond the scope of a motion to dismiss under Rule 12(b)(6), and (2) even if it is within the scope of such a motion, the State is the correct Defendant.  [13.]  For the reasons that follow, the Court agrees with the State.

First, courts routinely dismiss defendants or claims as a matter of law where a plaintiff fails to allege facts that plausibly show that the defendant in question constitutes an employer under the ADA, the ADEA, and Title VII.  See, e.g., *Hearne v. Board of Education of the City of Chicago*, 185 F.3d 770, 777 (7th Cir. 1999) (holding that Chicago teachers employed by the local board of education could not sue the Governor, the State of Illinois, or the Illinois Educational Labor Relations Board under Title VII because none was plaintiffs' employer); *Cheng v. Benson*, 358 F. Supp. 2d 696, 699 (N.D. Ill. 2005) (dismissing pro se litigant's ADEA claim sua sponte because he named only his supervisor, who did not fall within the definition of "employer" under the ADEA, as a defendant); *Haltek v. Vill. of Park Forest*, 864 F. Supp. 802, 803 (N.D. Ill. 1994) (dismissing two individual supervisors because they did not fall within the scope of "employer" under the ADA or Title VII).  Nonetheless, Plaintiff asserts that the Court cannot determine whether the State is the Plaintiff's employer its resolution of a motion under Rule 12(b)(6).

In the one case cited by Plaintiff to support her argument, *Bloom v. Crook*, the court used a fact-intensive test to determine whether a defendant constituted an employer.  78 F. Supp. 2d 1, 3 (D. Me. 1999).  Because there was a factual question regarding whether the State of Maine fell

within the First Circuit's definition of "employer," the court denied the State's motion to dismiss. *Id.* However, here there is no issue of fact. The State argues that as a matter of law it cannot be Plaintiff's employer because Seventh Circuit precedent defines a state employee's employer as the specific agency for which she works, and not the state. Determining whether that assertion is true is precisely the kind of question of law that courts routinely address on a motion to dismiss under Rule 12(b)(6), and thus the Court turns to the State's argument.

In *Hearne v. Board of Education of the City of Chicago*, the Seventh Circuit addressed whether the State of Illinois, the Governor of Illinois, and the Illinois Educational Labor Relations Board ("IELRB") were the employers of a group of Chicago teachers and other staff in a Title VII case. 185 F.3d 770, 772, 777 (7th Cir. 1999). In affirming the district court's dismissal of the State, the Governor, and the IELRB, the Seventh Circuit held that in Title VII cases against state entities the term "employer" means the "particular agency or part of the state apparatus that has actual hiring and firing responsibility." *Hearne v. Board*, 185 F.3d 770, 777 (7th Cir. 1999). Because neither the State, the Governor, or the IELRB met that criteria, the claims against them could not proceed. *Id.* The Seventh Circuit made *Hearne*'s holding even more explicit in *Holman v. Indiana*, 211 F.3d 399, 401 n.1 (7th Cir. 2000). In that case, the court held that the plaintiffs could not maintain their Title VII claims against the State of Indiana because it assumed its co-defendant, the Indiana Department of Transportation, had the "actual hiring and firing responsibility." *Id.*

Because the ADA, the ADEA, and Title VII use a nearly identical definition of the term "employer," *E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1280 (7th Cir. 1995), courts' interpretations of a definition in one statute are persuasive in interpreting the same definition in the other statute, *Williams v. Banning,* 72 F.3d 552, 553–54 (7th Cir.1995). Furthermore,

"[i]dentification of an 'employer' under Title VII is a question of federal law." *Carver v. Sheri of LaSalle Cnty.,* 243 F.3d 379, 382 (7th Cir.2001) (citing *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 754–55 (1998)).  Consequently, multiple district courts in this circuit have applied *Hearne* and *Holman* in cases under the ADA, the ADEA, and Title VII in dismissing cases and claims where a state, and not the agency for whom a plaintiff worked, was named as the defendant.  See, e.g., *Pisoni v. Illinois*, 2013 WL 2458522, at *4 (S.D. Ill. June 6, 2013) (concluding that the State of Illinois was not an "employer" under the ADEA and dismissing the State as a defendant); *Levin v. Madigan*, 697 F.Supp.2d 958, 973 (N.D. Ill. 2010) (concluding that the State of Illinois was not the employer of a senior assistant attorney under Title VII or the ADEA because the Office of the Attorney General had the power to hire and fire Assistant Attorneys General and dismissing the State of Illinois accordingly).

To be sure, in a recent case not cited by either party, the Seventh Circuit appears to have at least called this precedent into question.  In a non-dispositive portion of *Tibbs v. Administrative Office of the Illinois Courts*, the court described *Holman's* pronouncement regarding the distinction between states and their agencies for employment cases as dicta.  860 F.3d 502, 508 (7th Cir. 2017).  As the court explained, *Hearne* "distinguished between *local* and *State* government entities, not the much finer difference between a State and its agencies." *Id.* at 508. While the *Tibbs* court declined to further address the issue because it had already decided the case on other grounds, the court expressed its hope that "plaintiffs, defendants, and district courts might handle such issues about State agency employees so that such technicalities will seldom if ever be decisive." *Id.*

Nonetheless, *Tibbs* did not overrule *Hearne* and *Holman* and thus the Court concludes that Plaintiff cannot state a claim under the ADA, the ADEA, and Title VII against the State as a matter

of law.  Although Plaintiff asserts that the State hired her, and that she met "the state's legitimate performance expectations," she also states that the Department failed to grant her reasonable accommodations, "micro managed [her] movements", harassed her, took away her job duties, and that eventually the "State/Department" wrongfully fired her.  [1, ¶¶ 15–26.]  While the Court must accept as true the facts alleged in the complaint and draw all inferences in favor of Plaintiff, the Court finds it implausible that the State, rather than Department, had actual hiring and firing responsibility.[2]  *Killingsworth*, 507 F.3d at 618.  Additionally, Plaintiff has asked for leave to file an amended complaint to name the Department as a defendant regardless of the Court's resolution of the instant motion.  [13, ¶¶ 9–10.]  Consequently—and mindful of *Tibbs*' admonition to handle these issues so that they do not prove decisive—the Court grants both Defendant's motion to dismiss the State as a defendant and Plaintiff's request for leave to file an amended complaint to name the proper defendant.

## IV.  Conclusion

For the reasons stated above, Defendant's motion to dismiss [9] is granted.  Plaintiff's complaint is dismissed with prejudice as to the State.  Plaintiff is granted leave to file an amended complaint consistent with this opinion on or before January 25, 2019.  The case is set for further status on January 30, 2019 at 9:00 a.m.

---

[2]  The fact that the Department does not exist as a legal entity in the online directory of entities maintained by the Illinois Secretary of State [13, ¶ 3] does not change the Court's analysis.  The Department has the legal authority to, among other things, "obtain and employ, pursuant to the Personnel Code,[ ] the technical, clerical, stenographic, and other administrative personnel that are necessary to carry out the purposes of the Civil Administrative Code of Illinois[ ] and to make expenditures for that purpose within the appropriations for that purpose."  20 ILCS 605/605-85 (footnotes omitted).  Consequently, it may be sued for violating individuals' civil rights.  See, e.g., *Small v. Chao*, 398 F.3d 894, 897 (7th Cir. 2005) (upholding the dismissal of an individual's claims against the Illinois Department of Commerce and Community Affairs (the Department's predecessor) under Title VII and ADEA because they were filed outside the statute of limitations).

Dated: December 26, 2018

Robert M. Dow, Jr.
United States District Judge