# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JILL MEHRBERG, ) | |
| ) | |
| Plaintiff, ) | Case No. 18-cv-02032 |
| ) | |
| v. ) | Judge Robert M. Dow, Jr. |
| ) | |
| DEPARTMENT OF COMMERCE & ) | |
| ECONOMIC OPPORTUNITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff Jill Mehrberg brings this action against the Illinois Department of Commerce & Economic Opportunity ("the Department") for violations of the Americans with Disabilities Act, 42 U.S.C. § 12112, *et seq.* (Count I); the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (Count II); and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Count III). Currently before the Court is the Department's motion to dismiss [26] the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the Court denies the motion [26]. This case is set for further status on June 27, 2019 at 9:00 a.m.

**I.      Background[1]**

Plaintiff served as the Managing Director, Performance Management in the Department's Office of Accountability at the time of her termination on April 8, 2016. [22, ¶¶ 9, 25.] She joined the Department in or about May 2009 as Deputy Director of the Department's Bureau of Technology and Industrial Competitiveness. [*Id.* ¶¶ 6, 7.] She moved from that position to her final position in or about September 2011. [*Id.* ¶ 9.] Plaintiff asserts that she met the Department's legitimate performance expectations at all times relevant to her claims. [*Id.* ¶ 10.]

---

[1] The Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

Plaintiff further alleges that her treatment and recovery from breast cancer has left her with disabilities as defined by the Americans with Disabilities Act and that the Department never fulfilled her reasonable requests for accommodation in light of those disabilities. [*Id*. ¶¶ 11–20.] Plaintiff also claims that the Department "intentionally micro-managed her movements – including but not limited to monitoring her comings and goings, including breaks, bathroom breaks, meal times, and authorized medical appointments." [*Id*. ¶ 21.] Plaintiff asserts that none of her similarly-situated peers or other Department employees who do not suffer from disabilities were subject to this treatment or monitoring. [*Id*. ¶ 21.] Plaintiff also alleges that the Department harassed her for making the requests for reasonable accommodations by pejoratively referring to her as an "entitled" and "privileged" employee. [*Id*. ¶ 22.] Finally, starting in or about January 2016, Plaintiff alleges that the Department began taking away her job duties (1) because of her disabilities, requests for accommodations, and age in an attempt to get her to quit and (2) in retaliation for exercising her legal rights. [*Id*. ¶ 23.] In March 2016, Plaintiff complained yet again about the Department's failure to reasonably accommodate her. [*Id*. ¶ 24.] On April 8, 2016, the Department fired her. [*Id*. ¶ 25.]

Plaintiff subsequently filed a charge with the Equal Employer Opportunity Commission ("EEOC"), which mailed Plaintiff her right to sue letter on February 20, 2018. [*Id*. ¶¶ 28–29]; [27-1, at 1]. The EEOC also sent the Department a copy of the letter. [27-1, at 1.] Plaintiff initiated this lawsuit on March 21, 2018. [1.] In her initial complaint, Plaintiff named the State of Illinois ("the State"), rather than the Department, as the only defendant and alleged that her treatment by the State/Department violated the Americans with Disabilities Act, 42 U.S.C. § 12112, *et seq.* ("the ADA"); Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("the ADEA"); and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). See generally [1].

The State moved to dismiss the initial complaint, asserting that it was the improper defendant. See generally [9]. On December 12, 2018, the Court granted the State's motion [9] and dismissed the complaint against the State with prejudice. [20.] The Court concluded that the Department, rather than the State, had actual hiring and firing responsibility and was therefore the proper defendant. [20, at 7.] However, the Court also granted Plaintiff leave to file an amended complaint against the Department. [*Id*. at 7.]

Thus, on January 13, 2019, Plaintiff filed her amended complaint against the Department. [22, ¶ 3.] On March 1, 2019, the Department moved to dismiss on the ground that Plaintiff did not file her complaint against the Department within the applicable statute of limitations. [26, at 1, 3.] With that motion, the Department also submitted the EEOC's right to sue letter, which named the Department as respondent, and not the State. [27-1, at 1.][2] The motion having been fully briefed, the Court now resolves the motion.

## II.    Standard

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A

---

[2] The Court may take proper judicial notice of the right to sue letter. See *United States v. Wood*, 925 F.2d 1580 (7th Cir. 1991); see also *Drebing v. Provo Group, Inc.*, 494 F.Supp.2d 910, 912 (N.D. Ill. 2007) (considering the EEOC's right to sue letter in deciding a motion to dismiss when the letter was attached to the defendant's motion to dismiss and referenced in plaintiff's complaint).

pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S at 555). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

**III.   Analysis**

The Department asserts that Plaintiff failed to properly name and bring her claim against it within the relevant statute of limitations. [27, at 3.] To file a complaint under the ADA or Title VII, a plaintiff must first file a written charge of discrimination with the EEOC and then file her lawsuit within 90 days after receiving the EEOC's right to sue letter. 42 U.S.C. § 2000e-5; 42 U.S.C. § 12117(a) (incorporating § 2000e-5). Likewise, under the ADEA, a plaintiff has 90 days to file her lawsuit after the EEOC notifies her that it has completed its investigation into her claims. 29 U.S.C. § 626.

Here, the EEOC mailed Plaintiff's right to sue letter, which named the Department, on February 20, 2018. [27-1, at 1.] Plaintiff filed her initial complaint against the State on March 21, 2018, well within the 90-day statute of limitations period. See generally [1]. However, Plaintiff did not name the Department as a Defendant until she filed her amended complaint on January 13,

4

2019, almost a year after she received her right to sue letter. See generally [22]. The Department argues that Plaintiff's claims against it are therefore barred as untimely.

In response, Plaintiff argues that her amended complaint "relates back" to her initial complaint under Rule 15(c). A pleading relates back to the date of the original pleading "in several circumstances, including when 'the party to be brought in by the amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 557–58 (7th Cir. 2011) (quoting Fed. R. Civ. P. 15(c)(1)(C)). As the Seventh Circuit explained in *Joseph*,

> [t]he only two inquires that the district court is now permitted to make in deciding whether an amended complaint relates back to the date of the original one are, first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself.

*Id*. at 559–60.

With regard to notice, the Seventh Circuit addressed a situation nearly identical to the instant case in *Maxey v. Thompson*, 680 F.2d 524 (7th Cir. 1982). In *Maxey*, the plaintiff sought to bring claims under Title VII, the ADEA, and the Civil Rights Acts of 1870 and 1871 against the Illinois Department of Revenue, his employer that he had previously named in an EEOC charge, in an amended complaint. *Id*. at 526. However, in his initial complaint, the plaintiff had named the Governor of Illinois, the "Successor-Director" of the Department of Revenue; and the Director of the Illinois Department of Personnel. *Id*. Because each of these defendants could not be held liable for the plaintiff's claims, the district court dismissed the claims against them and refused to permit the Plaintiff to amend his complaint to name the Illinois Department of Revenue because it concluded that such an amendment would fall outside the 90-day statute of limitation period. *Id*.

5

The court of appeals reversed, concluding that an amended complaint would relate back under Rule 15(c) since "the [Illinois] Department [of Revenue] [] was put on notice, by the charge the plaintiff had filed with [the] EEOC, that it might be sued, and [because] it should have known that but for the plaintiff's mistake the action would have been brought against * * * [it]." *Id*. Similarly, in *Anzaldua v. Chicago Transit Authority*, Judge Kocoras concluded that the plaintiff's amended complaint against her direct employer—the CTA—related back to her original complaint because the CTA knew or should have known that the plaintiff had meant to sue the agency. In support of that determination, Judge Kocoras noted that (1) the plaintiff's EEOC complaint only named the CTA, and (2) it appeared that she had mistakenly believed the CTA was part of the Chicago Department of Transportation, which she had named in her initial complaint. 2002 WL 31056691, at *4 (N.D. Ill. Sep. 12, 2002).

Here, the Department knew or should have known that it would have been named as the defendant had it not been for Plaintiff's mistaken beliefs about the identity of the proper defendant. As in *Maxey*, the Department was put on notice by (1) the charges against the Department filed by Plaintiff with the EEOC and (2) the fact that the EEOC copied the Department on Plaintiff's right to sue letter. [27-1, at 1.] Moreover, contrary to the Department's assertions, the Supreme Court has explicitly recognized that the series of events in this case may be treated as a mistake for the purposes of Rule 15(c). See *Krupski v. Costa Crocier S. p. A.*, 560 U.S. 538 (2010). As Justice Sotomayor explained in *Krupski*:

> A plaintiff may know that a prospective defendant—call him party A—exists, while erroneously believing him to have the status of party B. * * * If the plaintiff sues party B instead of party A under these circumstances, she has made a "mistake concerning the proper party's identity" notwithstanding her knowledge of the existence of both parties. The only question under Rule 15(c)(1)(C)(ii), then, is whether party A knew or should have known that, absent some mistake, the action would have been brought against him.

560 U.S. at 549.

Justice Sotomayor's hypothetical matches the reality of what happened here. Plaintiff knew of the Department's existence, but clearly thought that it was not suable in federal court and thus sued the State instead. See generally [13 (asserting that the State, and not the Department was the proper defendant, because the Department is an agency of the State)]. Under *Krupski*'s logic, Plaintiff made a "mistake concerning the proper party's identity." Fed. R. Civ. Pro. 15(c)(1)(C)(ii). In these circumstances, the Department knew or should have known that it would have been sued but for that mistake. Plaintiff's complaint therefore meets the first requirement of the Rule 15(c) relation back inquiry. See *Joseph*, 638 F.3d at 559–60.

The only remaining question is whether "the delay in the plaintiff's discovering [her] mistake impaired the new defendant's ability to defend [itself]." *Id*. The Department has neither argued nor provided any evidence to show how the Plaintiff's mistake may have impaired its ability to defend itself or how it would be prejudiced in defending on the merits. Accordingly, the Court cannot conclude that Plaintiff's modest delay has impaired the Department's ability to defend itself. See *McAllister v. Freixenet USA, Inc.*, 2018 WL 2220293, at *2 (N.D. Ill. May 15, 2018) (concluding that the amended complaint related back given (1) the defendant did not make any argument or showing of prejudice and (2) the defendant knew that plaintiff had made a mistake); *Mitter v. County of Dupage.*, 2013 WL 5951810, at *5 (N.D. Ill. Nov. 7, 2013) (concluding that because the defendant (1) failed to claim any prejudice in having to defend the case on the merits and (2) had notice it might be sued because it was the subject of the EEOC complaint, the amended complaint against it related back); *Momot v. Champion Techs.*, 2000 WL 528482, at *3 (N.D. Ill. Apr. 26, 2000) (finding that the defendant (1) provide no substantiation for its assertion that it would be prejudiced in having to defend on the merits and (2) had notice

from the EEOC charge against it, and thus holding that the amended complaint against it related back).

Because Plaintiff meets both requirements set out by the Seventh Circuit in *Joseph* for her amended complaint to relate back under Rule 15(c), the Court must deny the Department's motion [26].[3]

## IV. Conclusion

For the reasons explained above, the Department's motion to dismiss [26] is denied. This case is set for further status on June 27, 2019 at 9:00 a.m.

Dated: June 13, 2019

Robert M. Dow, Jr.
United States District Judge

---

[3] Because the Court concludes that the amended complaint relates back to the initial complaint under Rule 15(c), the Court need not address Plaintiff's two other arguments for why the statute of limitations should not bar her claim.